IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **Under Seal** |
| NAZAR MAJID MUSTAFA, | Case No. 1:26-MJ-152 |
| *Defendant.* | |

UNITED STATES' MOTION TO SEAL

Pursuant to Local Criminal Rule 49(E), the United States moves for an Order sealing its Motion for Pretrial Detention. A proposed Order is attached for the Court's consideration.

### I.    Items to be Sealed and Necessity for Sealing

The government asks the Court to seal its Motion for Pretrial Detention as it contains sensitive information regarding a crime victim, which, if publicly available, could result in serious harm to the victim. As described in the government's Motion, this case involves allegations of a prolonged period of online threats and harassment toward the defendant's niece, VICTIM-1, who alleges that they had a sexual relationship beginning when she was a minor. As discussed in the Motion, the defendant has publicly posted illicit images of VICITM-1 and has threatened to continue posting these images. He has encouraged others to screenshot and share these images and has said that he has other, even more inappropriate, pictures of VICTIM-1 that he could not post on Facebook. The defendant has also made threats of physical harm to VICTIM-1, including a message wherein he talked about forcing VICTIM-1 to pour kerosene on herself and killing her. As further described in the Motion, VICTIM-1 resides in the Kurdistan Region of Iraq, where Kurdish women are at an increased risk of serious physical injury or death at the hands of male

family members due to perceived moral transgressions. Pursuant to 18 U.S.C. § 3771, a crime victim has the right to be reasonably protected from the accused. Undersigned counsel has considered procedures other than sealing, but none will suffice to protect this information from disclosure.

##        II.        Precedent for Sealing Documents

The Court has the inherent power to seal materials submitted to it. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

##        III.        Period of Time to Have the Document Under Seal

The material to be filed under seal would need to remain sealed permanently or until further order of the Court. Accordingly, the government respectfully requests that an Order be entered allowing the aforementioned material to be placed under seal.

Respectfully submitted,

By: _____/s/_____
Lauren Halper
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Ave.
Alexandria, Virginia 22314
Phone: 703-299-3700
Email: Lauren.Halper@usdoj.gov